IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 11-60931-CIV-WILLIAMS / SELTZER

BIN SALEM HOLDING COMPANY, LLC,

    Plaintiff,

v.

THOMAS L. BLAIR,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
EXTENSION OF TRIAL DATE AND SCHEDULING ORDER AND
UNOPPOSED CROSS-MOTION TO SCHEDULE A STATUS CONFERENCE**

Defendant Thomas L. Blair ("Mr. Blair"), by counsel, submits this Response to Plaintiff Bin Salem Holding Company, LLC's ("Bin Salem") Motion for Extension of Trial Date and Scheduling Order ("Motion") and files this Cross-Motion to Schedule a Status Conference, and states as follows:

**I.
CONCISE STATEMENT OF RELIEF REQUESTED**

Through its Motion, Plaintiff Bin Salem seeks an extension of the trial date and all remaining dates under the Court's Order Setting Schedule, Requiring Mediation, Referring Certain Matters to Magistrate Judge, and Establishing Pre-Trial Procedures. [D.E. 37]. Bin Salem also seeks permission from the Court to conduct mandatory mediation between the parties after the Court ordered deadline.

Defendant is concerned about Plaintiff's requested extensions because the effect of such extensions on the Court's calendar is unknown. Defendant has conducted himself in anticipation of a November 2012 trial date, and is ready and willing to go to trial. Defendant is especially

concerned that if the case is removed from the November 2012 trial calendar, the Court may not be able to reach the case for many months. Defendant respectfully moves the Court to schedule a status conference with the parties to resolve this issue. On the mediation issue, while Defendant, in a good faith effort to accommodate Plaintiff's schedule, informed Plaintiff that he was available on the September 10 mediation date proposed by Plaintiff, Defendant feels obligated to inform the Court that: (1) Defense counsel first contacted Plaintiff's counsel multiple times over several months to schedule a mediation before the August 29 deadline, but did not hear back from Plaintiff's counsel until recently; and (2) while the parties are available for the mediation on September 10, the parties have not yet identified a mediator available on the proposed date (although defense counsel is attempting to contact three mediators it proposed and who were recently approved by Plaintiff).

## II.
## DISCUSSION

In its request for an extension of the discovery period, Plaintiff Bin Salem does not advise the Court that Bin Salem's motion was filed because of its own failure to prosecute this case. For example, despite advising the Court in its Rule 56(d) Motion, filed December 23, 2011, that testimony from numerous third parties is necessary to Bin Salem's case, Plaintiff has failed to take a single deposition in this case. *See* Plaintiff's Motion and Memorandum Under Rule 56(d) to Deny or Defer Blair's Motion for Summary Judgment [D.E. 41] at 4; December 23, 2011 Affidavit of James Garvey at ¶¶ 5, 8, 11-14 (declaring that Bin Salem requires oral testimony from Mr. Blair, Aero Toy Store ("ATS") employees, Insured Aircraft Title Services ("IATS") employees, and Greg Kalinyak). Indeed, Plaintiff's counsel asserted in his affidavit supporting the Rule 56(d) motion that subpoenas for the depositions of Charles Pascarella (PNC Bank), Kirk Woford (IATS), Joan Roberts (IATS), Sherry Cannon (ATS), Morris Shirazi, Richard Laggan,

and Joseph Silver would be issued "forthwith" (see Garvey Affidavit at ¶ 16) and yet, seven months later, Bin Salem has not issued a single subpoena for any of these depositions.

Furthermore, Plaintiff's assertion that the parties "have been unable to coordinate certain deposition dates" (Motion at ¶ 5) is an incomplete and inaccurate statement of what has transpired.  Counsel for Mr. Blair first requested that Plaintiff provide deposition dates for Bin Salem's employees and corporate designee on June 12, 2012.  Despite prompting from defense counsel, Plaintiff's counsel did not respond to this request for two weeks, at which time Plaintiff, without providing any of the requested dates, merely suggested that the parties coordinate on a master deposition schedule.  In a subsequent conversation between counsel, on June 28, 2012, Plaintiff's counsel advised that no Bin Salem personnel would be able to attend any deposition in July and August due to "religious holidays" and "scheduled leave."  Given Plaintiff's consistent failure to respond to counsel's request for deposition dates and notification that Bin Salem would not appear for depositions during the discovery period, Defendant's counsel issued notices of deposition for Plaintiff's representatives and corporate designee on June 29 and July 2, 2012 (for depositions on July 20, 23, 24, 25, and 26) in order to preserve Mr. Blair's rights.  This prompted discussion between counsel as to how to address this issue, which could not be resolved because of Bin Salem's request to extend the discovery period and trial date.[1]

---

[1] Bin Salem's stated reasons for requesting a delay – that its personnel do not have visas to travel to the United States, national and religious holidays and pre-scheduled leave and travel – are insufficient and were never communicated to Defendant's counsel prior to June 28, 2012 (and only religious holidays and leave were mentioned at that time).  Bin Salem filed this case over a year ago and has known that it would need to attend mediation and depositions, as well as trial, for some time. Further, Defendant is perfectly within his rights to demand that Plaintiff attend depositions and mediation in person.  *See, e.g., Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, Case No. 06-81036-CIV-RYSKAMP/VITUNAC., 2009 WL 3048698, at *2-3 (S.D. Fla. Sept. 18, 2009) (requiring Mexican plaintiff to travel to Florida for deposition); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ 1930(RMB), 2002 WL 1159699, at *12-15

Furthermore, the two non-parties allegedly playing the largest roles in Plaintiff's breach of contract allegations – PNC and IATS – both completed their productions of documents to Bin Salem in February 2012, yet Plaintiff never scheduled depositions of these parties. Of course, these depositions are not inhibited by Bin Salem's travel restrictions and could have taken place months ago. Only now, in mid-July, has Plaintiff's counsel even contacted PNC to schedule depositions.

All of this must be viewed in light of Plaintiff's Rule 56(d) Motion. Clearly, Plaintiff was merely using its Rule 56(d) Motion as a stall tactic to delay a ruling on Defendant's Motion for Summary Judgment. Having failed to obtain, for seven months, the oral testimony Plaintiff claimed was so important, Plaintiff should have no objection to the Court ruling on that motion. Defendant requests that the Court consider Defendant's Motion for Summary Judgment, which Defendant is happy to address further at the requested Status Conference.

Last, although defense counsel has been attempting to schedule mediation for months, Plaintiff has failed to meaningfully participate in this process until now. While Defendant was prepared to conduct the mediation in the time frame contemplated by this Court, Defendant can make himself available on September 10, 2012. So that the Court has a fulsome understanding of the current mediation discussion status, Mr. Blair proposed three mediators on June 13, 2012, and Bin Salem did not respond until almost a month later on July 10, 2012 with its mediator preferences. After receiving Plaintiff's response, and in an effort to keep this process moving, counsel for Mr. Blair has been contacting the three mediators for their availability on September 10. Once this final issue is resolved, it is believed that the Court will have sufficient information to issue its mediation order.

---

(S.D.N.Y. May 31, 2002) (requiring depositions of several managing agents of Dubai-based plaintiff to occur in New York forum).

## III.
## CONCLUSION

Based on the above and given the short time period remaining for discovery, Defendant requests that the Court schedule a status conference with the parties as soon as possible in order to resolve the scheduling issues raised by Bin Salem in its Motion.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Counsel for Defendant, Christopher Mills (admitted pro hac vice) has conferred with counsel for Plaintiff, Jeanah Park (admitted pro hac vice) regarding Defendant's Cross Motion for a Status Conference. Plaintiff's counsel has indicated that she does not oppose this request.

DATED: July 16, 2012

By:   s/Barry R. Davidson
Barry R. Davidson
Email: bdavidson@hunton.com
Florida Bar No. 107678
Jamie Zysk Isani
Email: jisani@hunton.com
Florida Bar No. 728861
111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attison L. Barnes, III
(pro hac vice)
Christopher M. Mills
(pro hac vice)
WILEY REIN LLP
1776 K Street N.W.
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
E-mail: abarnes@wileyrein.com

*Counsel for Defendant Thomas L. Blair*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2012, I caused the foregoing to be filed with the Clerk of the United States District Court for the Southern District of Florida and a copy of which will be served via the clerk of the court's CM/ECF system to:

Marc J. Gottlieb, Esq.
Ashley A. Sawyer, Esq.
AKERMAN SENTERFITT LLP
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

James V. Garvey, Esq.
Jeanah Park, Esq.
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005

                                                                           s/Barry R. Davidson
                                                                            Barry R. Davidson